UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

DAVID ARTHUR BUIE,
                                    Defendant.

05-CR-664 (JPO)

15-CV-3945 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In 2006, Defendant David Arthur Buie was sentenced to 15 years' imprisonment for possessing a firearm as a felon.  In September 2017, when Buie had completed over 12 years of his 15-year sentence, this Court granted Buie's petition under 28 U.S.C. § 2255 and ordered him immediately released.  This Court reasoned that under recent Supreme Court precedent, two of Buie's three prior offenses, for robbery under New York state law, did not constitute "violent felonies" under the Armed Career Criminal Act (ACCA), and therefore a 10-year statutory *maximum* sentence applied rather than a 15-year statutory *minimum* as assumed by the sentencing judge.  *See Buie v. United States*, No. 05-CR-664, 2017 WL 3995597 (S.D.N.Y. Sept. 8, 2017).  In January 2020, the Second Circuit vacated this Court's decision and remanded for further proceedings in light of *Thrower v. United States*, 914 F.3d 770 (2d Cir. 2019), which held that New York robbery is a "violent felony" under the ACCA.  (*See* Dkt. No. 94.)  The Second Circuit's mandate was issued on March 2, 2020.  (*See* Dkt. No. 104.)

Following the Second Circuit's vacatur in this case, the Government moved to have the original 15-year sentence reinstated and for an order directing Buie to immediately report to the Bureau of Prisons to complete that sentence.  Buie asserted additional grounds for relief under § 2255 and also moved for compassionate release under the First Step Act of 2018.  The parties

1

have briefed these issues well and comprehensively.  (*See* Dkt. Nos. 90, 96-97, 99-103, 105, 108, 116-18.)

For the reasons that follow, the Court concludes that a sentence reduction is warranted under the First Step Act.

## I.  Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  The First Step Act provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *Id.* at 237.  The court further explained:

> It bears remembering that compassionate release is a misnomer.  18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions.  A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place.  Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad.  The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

**II.     Discussion**

Defendant has been at liberty for more than three years — since this Court's September 2017 order releasing him.  In light of the Second Circuit's decision vacating the Court's order, however, Defendant will have to report to the BOP once again to complete his sentence, absent relief under § 2255 or the First Step Act.  And while "compassionate release" may seem to be a misnomer under these circumstances, the Second Circuit clarified in *Brooker* that the pertinent provision of First Step Act is really about "sentence reductions."  For the reasons explained by Judge Rakoff in the similar case of *United States v. Austin*, 468 F. Supp. 3d 641 (S.D.N.Y. 2020), the Court agrees that the First Step Act is applicable here.[1]

After careful review of the record and the totality of circumstances, the Court concludes that there are extraordinary and compelling reasons for a reduction of Buie's sentence to time served and that such a reduction is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

First, as a 66-year-old man who is obese and has other health issues, Buie faces a heightened risk of severe illness or death from Covid-19.  That risk is likely to be magnified in a prison setting, where social distancing and other safety precautions are inevitably more difficult to implement effectively.  Buie, who is presently living in a rural area with one other person, is likely safer at home than in prison.

Second, Buie has already completed his three-year term of supervised release, with no violations.  He has found stable housing and has taken part in vocational training and counseling.

---

[1] The Court also concludes, and the Government no longer disputes, that Buie has satisfied the exhaustion requirement of the First Step Act.  Buie submitted a request for compassionate release in February 2020 to the warden at FCI Petersburg, the federal prison facility where he was last incarcerated, and more than 30 days have elapsed since that submission.  (Dkt. No. 117 at 4.)

He appears to be rehabilitated after serving over 12 years in prison.  While rehabilitation alone cannot serve as a basis for a sentence reduction, *see* 18 U.S.C. § 994(t), it can be one factor among others supporting a reduction.  *Brooker*, 976 F.3d at 238.

Third, the unusual circumstances here, including the fact that Buie has been at liberty for over three years after serving a lengthy sentence for his crime, counsel in favor of release, as Judge Rakoff concluded in *Austin*.  It would make little practical sense, and would not serve the interests of justice, to order Buie returned to prison now, especially in the middle of a pandemic.

Finally, the sentence that Buie has already served — including over 12 years in prison and three years' supervised release — is sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a).  It is worth noting that Buie served the vast majority of his original 15-year sentence.  With good time credit, even if he were reincarcerated he would be eligible for release in a matter of months.  Based on his progress upon reentry and his lack of any violation during three years of supervised release, the Court does not believe that any additional incarceration is needed to serve the purposes of specific deterrence or protecting the public.  And the Court concludes that the time Buie has already served is fully adequate to comply with the statutory purposes of providing just punishment, promoting respect for the law, reflecting the seriousness of the offense, and affording general deterrence to criminal conduct.

## III.    Conclusion

For the foregoing reasons, Defendant David Arthur Buie's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) is granted.  Buie is hereby sentenced to time served.

Buie's petition for relief on other grounds under 28 U.S.C. § 2255 is denied as moot.

SO ORDERED.

Dated: December 21, 2020
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

4